1
2
3
4
5
6
7
8

Matthew J. Preusch (Bar No. 298144)
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101
(805) 456-1496, Fax (805) 456-1497
mpreusch@kellerrohrback.com

***Attorney for Plaintiffs***
***(Additional Counsel on Signature Page)***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG TEMKIN, MICHAEL BECHAUF, THOMAS BARGER, VICTOR AND JENNIFER BONILLA, SARAH HOWARD, VIKRAM CHABBRA, SCOTT BAHR, GERALD GOTTSCHALK, ROBERT PLATNER, SCOTT COLEMAN, JAMES SAUL, GARY RIZZATO, and CAROL HALE WILSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>                    Defendant. | No.<br><br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

21
22
23
24
25
26
27
28

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

**Table of Contents**

I.    INTRODUCTION ...................................................................................1

II.   NATURE OF THE ACTION .................................................................1

III.  PARTIES .................................................................................................5

IV.   JURISDICTION AND VENUE .............................................................7

V.    FACTS .....................................................................................................8

      A.    Defendant Touts their Diesel Vehicles as Being Fuel Efficient
            and Good for the Environment .....................................................8

      B.    Volkswagen Intentionally Hid the Excessive and Illegal Levels
            of Pollution Emitted from its Cars. ...........................................12

      C.    Defendant Has Profited Handsomely From Their Diesel
            Vehicles. ....................................................................................16

      D.    Volkswagen's Illegal Actions Have Caused Class Members
            Significant Harm. .......................................................................17

VI.   PLAINTIFFS' FACTS .........................................................................18

      A.    Plaintiff Craig Temkin .............................................................18

      B.    Plaintiff Michael Bechauf .........................................................19

      C.    Plaintiff Thomas Barger ............................................................20

      D.    Plaintiffs Victor and Jennifer Bonilla ......................................21

      E.    Plaintiff Sarah Howard ..............................................................22

      F.    Plaintiff Vikram Chabbra ..........................................................23

      G.    Plaintiff Scott Bahr ...................................................................24

      H.    Plaintiff Gerald Gottschalk .......................................................26

      I.    Plaintiff Robert Platner .............................................................27

      J.    Plaintiff Scott Coleman .............................................................28

      K.    Plaintiff James Saul ...................................................................28

CLASS ACTION COMPLAINT

L.    Plaintiff Gary Rizzato ............................................................29

M.    Plaintiff Carol Hale Wilson ...................................................30

VII.   CLASS ACTION ALLEGATIONS ..............................................31

1.    Numerosity: Federal Rule of Civil Procedure 23(a)(1). .........32

2.    Commonality and Predominance: Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3). ...........................................32

3.    Typicality: Federal Rule of Civil Procedure 23(a)(3).............34

4.    Adequacy: Federal Rule of Civil Procedure 23(a)(4)..............34

5.    Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2). ..........................................................34

6.    Superiority: Federal Rule of Civil Procedure 23(b)(3)..........34

VIII.  ANY OTHERWISE-APPLICABLE STATUTES OF LIMITATION ARE TOLLED ..........................................................................35

A.    Discovery Rule Tolling ...........................................................35

B.    Tolling Due To Fraudulent Concealment ................................36

C.    Estoppel ...................................................................................37

IX.   CAUSES OF ACTION ...............................................................37

A.    Claims Asserted on Behalf of the Class ..................................37

B.    State-Specific Claims ..............................................................52

X.    REQUEST FOR RELIEF ...........................................................86

XI.   DEMAND FOR JURY TRIAL ...................................................86

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

# I.    INTRODUCTION

Plaintiffs Craig Temkin, Michael Bechauf, Thomas Barger, Victor and Jennifer Bonilla, Sarah Howard, Vikram Chabbra, Scott Bahr, Gerald Gottschalk, Robert Platner, Scott Coleman, James Saul, Gary Rizzato, and Carol Hale Wilson ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following against Volkswagen Group of America, Inc. ("Defendant" or "Volkswagen"), based where applicable on personal knowledge, information and belief, and the investigation of counsel. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

# II.    NATURE OF THE ACTION

1.    This action is not about corporate negligence; rather, it is about a global auto manufacturer's intentional deception of well-meaning, conscientious consumers and regulators, and its large scale, misguided plan to profit by gaming the system rather than playing by the rules.

2.    This nationwide class action concerns the intentional installation of so-called defeat devices on at least 482,000 diesel Volkswagen and Audi vehicles sold in the United States since 2009 ("Defeat Device Vehicles"). Defendant marketed those vehicles as environmentally-friendly cars that possessed the holy grail of automotive qualities: extremely high fuel efficiency and performance, with very low emissions. Although Defendant successfully marketed these expensive cars as "green", their environmentally-

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

friendly representations were a sham. Defendant did not actually make cars with those desirable and advertised attributes.

3.      According to the U.S. Environmental Protection Agency (EPA), Volkswagen installed its "defeat device" in at least the following diesel models of its vehicles: Model Year ("MY") 2009-2015 Jetta; MY 2009-2014 Jetta Sportwagen, MY 2012-2015 Beetle and Beetle Convertible; MY 2010-2015 Golf; MY 2015 Gold Sportwagen; MY 2012-2015 Passat; and MY 2010-2015 Audi A3. The California Air Resources Board is currently investigating whether the Defendant installed the device in other cars as well, so additional vehicle models and model years may be added to this list when new facts are discovered.

4.      Instead of delivering on their promise of extremely high fuel mileage coupled with low emissions, Defendant devised a way to make it *appear* that their cars did what they said they would when, in fact, they did not. Put simply, Defendant lied and continued to lie after the fact.

5.      As Michael Horn, President and CEO of Volkswagen Group of America, reportedly admitted before unveiling the 2016 Volkswagen Passat in New York on September 21, 2015:

> As you have seen since Friday, the EPA, the Environmental Protection
> Agency, has issued a statement and reality that Volkswagen Group
> manipulated engine software in our TDI diesel cars, and we violated

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

emissions standards. The CEO of our parent company, Dr. Martin Winterkorn, said yesterday Volkswagen will fully cooperate with the responsible agencies, and much much more important as I see it, he stated that he was personally and deeply sorry for this—that Volkswagen has broken the trust of our customers, and the public here in America. And lastly he stated that this matter, and this is I think common sense, now this is the first priority for him personally and for the entire [board]. So let's be clear about this: our company was dishonest with the EPA and the California Air Resources Board, and with all of you. And in my German words, we've totally screwed up. We must fix those cars, and prevent this from ever happening again, and we have to make things right—with the government, the public, our customers, our employees, and also very importantly our dealers.  This kind of behavior, I can tell you out of my heart, is completely inconsistent with our core values. The three core values of our brand are value, innovation, and in this context very importantly, responsibility: for our employees, for our stakeholders, and for the environment. So it goes totally against what we believe is right. Along with our German headquarters, we are committed to do what must be done, and to begin to restore your trust.

CLASS ACTION COMPLAINT

6. As further admitted by Mr. Horn, Volkswagen "screwed up." It did so by intentionally designing and installing defeat devices that work by switching on the full emissions control systems in Defendant's cars *only* when the car is undergoing periodic emissions testing. The technology needed to control emissions from Defendant's cars to meet state and federal emissions regulations reduces their performance, limiting acceleration, torque, and fuel efficiency.

7. To hide this, the defeat device simply shuts off most of the emissions control systems in the car once the car has completed its emissions test. While that might have made the cars more fun to drive, it resulted in Defendant's cars sending up to 40 times as much pollution into the environment as is allowed under the Clean Air Act and state regulations.

8. Today, *The New York Times* reported that while it is possible to lower the levels of nitrogen oxide emitted by diesel engines, the software Volkswagen installed instead:

> [S]idestepped this trade-off by giving a misleadingly low nitrogen-oxide reading during [standard emissions] tests. The software measured factors like the position of the steering wheel, the vehicle's speed and even barometric pressure to sense when the car was being tested….

9. As of today, Volkswagen has admitted that approximately 11 million vehicles worldwide are affected by its deception. Defendant's stocks have plummeted

CLASS ACTION COMPLAINT

and it reportedly is "setting aside the equivalent of half a year's profits—6.5 billion euros, or about $7.3 billion" USD in a preemptive maneuver to downplay public scrutiny.

10.     Defendant's violations are explained in a Notice of Violation the EPA issued to Defendant, as well as a letter from the California Air Resources Board ("CARB"), copies of which are attached to this Class Action Complaint as Exhibits A and B, respectively.

11.     Because of Defendant's actions, the cars it sold to Plaintiffs are not what was promised by Volkswagen.  They are not environmentally friendly, "clean" diesels. Instead, they are dirty diesels – cars that pollute so much that they violate state and federal environmental protection laws.   Moreover, when the emissions systems designed to decrease pollution are activated, the cars' performance is diminished and they get worse mileage than advertised by Volkswagen.

12.     These untenable circumstances not only undermine the reasons consumers paid a premium for their purportedly "clean" diesel cars, but substantially decrease the resale value of the vehicles.

### III.   PARTIES

13.     Plaintiff Craig Temkin is a resident and citizen of Chatsworth, Ventura County, California.

14.     Plaintiff Michael Bechauf is a resident and citizen of Saratoga, Santa Clara County, California.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

15.     Plaintiff Thomas Barger is a resident and citizen of Scottsdale, Maricopa County, Arizona.

16.     Plaintiffs Victor and Jennifer Bonilla are residents and citizens of San Antonio, Medina County, Texas.

17.     Plaintiff Sarah Howard is a resident and citizen of Tampa, Hillsborough County, Florida.

18.     Plaintiff Vikram Chabbra is a resident and citizen of Fort Meyers, Lee County, Florida.

19.     Plaintiff Scott Bahr is a resident and citizen of Urbana, Champaign County, Illinois.

20.     Plaintiff Gerald Gottschalk is a resident and citizen of Clarkston, Oakland County, Michigan.

21.     Plaintiff Robert Platner is a resident and citizen of Parlin, Middlesex County, New Jersey.

22.     Plaintiff Scott Coleman is a resident and citizen of Cary, Wake County, North Carolina.

23.     Plaintiff James Saul is a resident and citizen of Portland, Multnomah County, Oregon.

24.     Plaintiff Gary Rizzato is a resident and citizen of Austin, Travis County, Texas.

CLASS ACTION COMPLAINT

25.     Plaintiff Carol Hale Wilson is a resident and citizen of Eau Claire, Eau Claire County, Wisconsin.

26.     Volkswagen Group of America, Inc. ("Volkswagen") is a corporation doing business in every U.S. state and the District of Columbia, and is organized under the laws of New Jersey, with its principal place of business at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. Volkswagen is therefore a citizen of New Jersey and Virginia. *See* 28 U.S.C. § 1332(d)(10).

27.     At all relevant times, Volkswagen manufactured, distributed, sold, leased, and warranted the Defeat Device Vehicles under the Volkswagen and Audi brand names throughout the nation. Volkswagen and/or its agents designed the CleanDiesel engines and engine control systems in the Defeat Device Vehicles, including the "defeat device." Volkswagen also developed and disseminated the owners' manuals and warranty booklets, advertisements, and other promotional materials relating to the Defeat Device Vehicles.

## IV.    JURISDICTION AND VENUE

28.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

29.     This Court has personal jurisdiction over Defendant because it conducts business in California, and has sufficient minimum contacts with California. For

CLASS ACTION COMPLAINT

example, Defendant operates the Volkswagen Electronic Research Laboratory in Belmont, California.

30.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and because Defendant has caused harm to Class members residing in this District.

## V.     FACTS

31.     Defendant intentionally designed and sold cars that misled consumers and regulators about the amount of pollution those cars created and the fuel efficiency they produced. Despite touting themselves as an environmentally conscientious company that produced thoughtful cars for people who cared about the environment, Defendant sold expensive cars that produced pollution at orders of a magnitude above federal and state regulations, and then intentionally and knowingly hid the truth about those cars.

**A.     Defendant Touts Their Diesel Vehicles as Being Fuel Efficient and Good for the Environment**

32.     For years, Volkswagen has advertised its diesel vehicles as low-emission, fuel-efficient cars. Indeed, this marketing message is at the core of its image in the United States. It has been a successful advertising campaign; Volkswagen has become the largest seller of diesel passenger vehicles in the United States.

CLASS ACTION COMPLAINT

33.   Defendant's success is based in large part on promoting their diesel cars as "clean" and "green" vehicles. Indeed, being both highly efficient and "clean" are the centerpieces of Defendant's diesel engine marketing campaign. "CleanDiesel" is in the very name of the vehicles about which Defendant lied.

34.   And Defendant continued to lie. Although Defendant was aware of the recall and defect concerning the Defeat Device Vehicles it continued to mislead consumers in advertisements appearing on its webpage as recent as September 21, 2015. These ads, pictured below, are rapidly being removed from Defendant's websites in an attempt to further hide its wrongdoing. Defendant continued to represent the Defeat Device Vehicles

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

as "clean diesel" and that it "…has sold more diesel cars in the U.S. than every other brand combined. **Promise kept**.[1]" (emphasis added).



35.     Defendant's apparent concern for the environment is evident beyond just the model names and purported attributes of their vehicles. For example, on the "Environment" page of its website, Volkswagen Group of America states that it takes "environmental responsibility very seriously. When it comes to making our cars as green as possible, Volkswagen has an integrated strategy focused on reducing fuel consumption and emissions, building the world's cleanest diesel engines and developing totally new power systems, which utilize new fuel alternatives."

36.     Defendant bolsters its apparent environmental bone fides by trumpeting the fact that the Audi A3 TDI and VW Jetta TDI were named the 2010 Green Car of the Year and the 2009 Green Car of the Year, respectively.

---

[1] *See* http://www.vw.com/features/clean-diesel/ (last visited Sept. 21, 2015). The content has since been removed.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

37.     As recently as September 21, 2015,[2] on its clean diesel webpage Defendant continued to mislead consumers, touting the supposedly reduced greenhouse gas emission of its vehicles.  That misleading statement has since been removed.



38.     Defendant also launched a "Think Blue" program, which they explained is part of their policy of being "more responsible on the road and more environmentally conscious—not just in our cars."

39.     Beyond merely advertising, Defendant supported and directed a website to promote its "clean" diesel technology, www.clearlybetterdiesel.org, which says the technology reduces smog and "meets the highest standards in all 50 states, thanks to ultra-low sulfur diesel (ULSD) fuel and innovative engine technology that burns cleaner."

[2] *See* http://www.audiusa.com/technology/efficiency/tdi?csref=116751439289858719 (last visited Sept. 21, 2015). The content has since been removed.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

40.     Defendant goes for far as to use the tagline "Truth in Engineering" to promote its Audi brand:



41.     Unfortunately for consumers who bought Defendant's cars and for people who breathe the air into which Defendant's cars emit extraordinary amounts of pollutants, Defendant's engineering was far from "truthful." Defendant has designed and sold cars that emit pollutants at breath-taking levels, failing state and federal environmental regulations by incredible margins.

**B.      Volkswagen Intentionally Hid the Excessive and Illegal Levels of Pollution Emitted from its Cars.**

42.     The EPA's investigation of Volkswagen was prompted by a May 15, 2014, publication titled "In-Use Emissions Testing of Light-Duty Diesel Vehicles in the United States" by the Center for Alternative Fuels, Engines & Emissions (CAFEE) of West Virginia University ("the CAFEE Report").

43.     CAFFE was contracted by the International Council of Clean Transportation (ICCT) to conduct in-use testing of three light-duty diesel vehicles. According to the

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CAFEE Report, in the tested vehicles "real-world NOx emissions were found to exceed the US-EPA … standard by a factor[s] of 5 to 35."

44. Those findings that show that, contrary to Volkswagen's self-promotion as a "green" company, its diesel cars are unhealthy and unlawful.

45. On September 18, 2015, the EPA issued a Notice of Violation ("NOV"). The NOV explains that Defendant has installed sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendant in the United States that detects when the vehicle is undergoing official emissions testing and turns full emissions controls on only during the test. At all other times that the vehicle is running, however, the emissions controls are deactivated, meaning that pollution is freely released into the environment at levels that exceed those allowed by federal and state clean air regulators. This software produced and used by Volkswagen is a "defeat device" as defined by the Clean Air Act.

46. Most modern engines, including Volkswagen's "CleanDiesel" engines, use computerized engine control systems to monitor sensors throughout a car's engine and exhaust systems and control operation of the car's systems to ensure optimal performance and efficiency. These functions can include controlling fuel injection, valve and ignition timing, and, as in Volkswagen's "CleanDiesel" engines, operating the engine's turbocharger. The engine control computer can, for example, ensure that the air-to-fuel mixture is correct based on sensor readings such as throttle position, amount of air flowing into the engine, and engine temperature.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

47.     These engine control computers also receive data from sensors in the car's exhaust system that measure the amounts of chemical substances included in the car's exhaust. That data provides a measure of the engine's operation and efficiency, and is thus used by the engine control computer in operating the car's systems to ensure the desired performance and efficiency.

48.     Because modern cars include these sophisticated computers and sensors throughout the car's systems, emissions testing sometimes uses a car's existing sensors to measure the presence of pollutants and track compliance with EPA and state emissions standards. Emissions testing stations plug a diagnostic device into the car's on-board diagnostics ("OBD II") port and use the car's exhaust sensors during the testing procedure to measure the substances emitted. Some states, instead of or in addition to an OBD II diagnostic device, use a measurement probe inserted into the car's exhaust pipe to measure the chemicals emitted.

49.     Volkswagen programmed the engine control computers in the Defeat Device Vehicles with software that detects when the cars are undergoing emissions testing, and then operates the car's engine and exhaust systems to ensure that emissions comply with EPA pollutant standards. When the car is not being emissions tested—that is, under the vast majority of operating conditions—the engine control systems operate the vehicle in a manner that does not comply with EPA emissions requirements.

CLASS ACTION COMPLAINT

50.     In short, this software allows Defendant's diesel vehicles to meet emissions standards in labs or state testing stations, while permitting the vehicles to emit nitrogen oxides (NOx) at *up to 40 times the standard* allowed under United States laws and regulations during the normal operation of the vehicles.

51.     As the journal *Popular Mechanics* reported, non-Volkswagen diesels commonly use urea injection to "neutralize" NOx emission, but those systems add weight and complexity to the engine. "Everyone wondered how VW met emissions standards while foregoing urea injection. As it turns out, they didn't. It wasn't magical German engineering. Just plain old fraud," the journal reported.

52.     NOx pollution contributes to nitrogen dioxide, ground-level ozone, and fine particulate matter. Exposure to these pollutants has been linked with serious health dangers, including asthma attacks and other respiratory illness serious enough to send people to the hospital. Ozone and particulate matter exposure have been associated with premature death due to respiratory-related or cardiovascular-related effects. Children, the elderly, and people with pre-existing respiratory illness are at an acute risk of health effects from these pollutants.

53.     The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA-issued certificate of conformity. Under

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

federal law, cars equipped with defeat devices, which reduce the effectiveness of emissions control systems during normal driving conditions, cannot be certified.

54.     This is not the first time Volkswagen allegedly engineered vehicles to cheat emission standards. As reported by the *Los Angeles Times*, Volkswagen paid a $120,000 fine to EPA in 1974 in order to settled charges that "it gamed pollution control systems in four models by changing carburetor settings and shutting off an emissions-control system at low temperatures."

55.     Defendant apparently did not learn from that experience. By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions than were certified to the EPA, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal laws.

**C.    Defendant Has Profited Handsomely From Their Diesel Vehicles.**

56.     Defendant charges substantial premiums for the Defeat Device Vehicles. For example, according to Defendant's website, for the 2015 Volkswagen Jetta, the base S model with a gasoline engine has a starting MSRP of $18,780. The base TDI S CleanDiesel, however, has a starting MSRP of $21,640, a price premium of $2,860. The CleanDiesel premium for the highest trim Jetta models with a comparable four-cylinder turbocharged gasoline engine is substantially higher: The Jetta SE has a starting MSRP of $20,095, while the CleanDiesel TDI SEL MSRP is $26,410, a 31% premium.

57.     These premiums occur across all of the vehicles in which Defendant installed its "defeat device" for emissions testing, ranging from roughly $1000 for a mid-

tier Golf, to $2,900 for a base-level diesel Jetta, to nearly $7,000 for a top-line diesel Passat.

**D.    Volkswagen's Illegal Actions Have Caused Class Members Significant Harm.**

58.    EPA has ordered Defendant to recall the Defeat Device Vehicles and repair them so that they comply with EPA emissions requirements. But that recall will not compensate Plaintiffs and the class for the significant harm Defendant's deception has caused. That is true for at least two reasons.

59.    First, any repairs performed as part of the recall are likely to diminish the performance of the Defeat Device Vehicles. Volkswagen will not likely be able to make those vehicles compliant with state and federal regulations without degrading performance, fuel efficiency, or both. That is so because any solution will likely involve reprogramming the Defeat Device Vehicles' software to engage the emissions control equipment (which currently only operates when the vehicles are being emissions tested) at all times, in a manner that reduces engine power, torque, and fuel economy to bring NOx emissions within legal limits. Plaintiffs' and Class members' cars will therefore not perform as advertised.

60.    Second, the recall cannot compensate for the financial damages they have suffered, including the premium Plaintiffs and the Class paid for their "clean" diesel vehicles, the inevitable reduction in resale value caused by the recall, and the increase in fuel expenses as the vehicles' become less efficient following reprogramming.

CLASS ACTION COMPLAINT

61.    For those reasons, as a result of Volkswagen's unfair, deceptive, and/or fraudulent business practices, and its failure to disclose that under normal operating conditions the Defeat Device Vehicles emit 40 times the allowed levels, owners and/or lessees of the Defeat Device Vehicles have suffered losses in money and/or property.

62.    Had Plaintiffs and Class members known of the "defeat device" at the time they purchased or leased their Defeat Device Vehicles, they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did.

63.    Volkswagen's deliberate strategy to value profit over the truth, human health, and the environment, has caused serious harm to consumers nationwide.

64.    According to media sources, Defendant's CEO, Martin Winterkorn, said in a statement that he was "deeply sorry that we have broken the trust of our customers and the public," and that Defendant would be suspending sales of some 2015 and 2016 vehicles with 2.0 liter diesel engines. While Defendant's candor about its breach of trust is notable, it cannot compensate Plaintiffs and Class members for the damages they have incurred.

## VI.    PLAINTIFFS' FACTS

### A.    Plaintiff Craig Temkin

65.    Plaintiff Temkin, a resident of Chatsworth, California, entered into a three-year lease for a 2014 Passat TDI SEL on January 30, 2014 in a Volkswagen dealership in Los Angeles.

CLASS ACTION COMPLAINT

66.     The Passat's clean diesel technology, which he researched before leasing the car, was a key factor in his choice of the Passat, which he opted for in favor of cars from other automakers that did not offer diesel models.

67.     Mr. Temkin frequently drives many hours each day for work, so the Passat's fuel efficiency and emissions were important factors for him. He believed, based on information he researched online from Volkswagen, that the "clean" diesel TDI offered the optimal mix of low emissions, fuel efficiency, and performance.

68.     Mr. Temkin believes he has been cheated. He paid a premium to lease the diesel Passat, and he believes he is not receiving the benefit of what he paid for.

**B.     Plaintiff Michael Bechauf**

69.     Plaintiff Bechauf, a resident of Saratoga, California, purchased a 2013 Audi A3 TDI new from a dealership in San Francisco on December 12, 2012.

70.     Before buying that car, Mr. Bechauf test drove it extensively in his native Germany, and reviewed extensive marketing materials describing the Audi's "clean" diesel technology.

71.     The A3 he purchased included the following environmental info on a window decal:

19                              CLASS ACTION COMPLAINT

72.     The Audi's purported low emissions were a key factor in his decision to purchase the vehicle. The other car he considered purchasing was the all-electric Chevy Volt.

73.     Mr. Bechauf has been harmed because he paid a premium for the Audi's supposedly clean diesel engine, and he believes the Audi's brand has been severely tarnished, diminishing the resale value of his car.

**C.     Plaintiff Thomas Barger**

74.     Plaintiff Thomas Barger, a resident of Scottsdale, Arizona, purchased a 2014 Volkswagen Passat TDI new from Camelback Volkswagen in Phoenix on August 23, 2014.

75.     The Passat he purchased included the following environmental information on a window decal:

20                                    CLASS ACTION COMPLAINT

76.     Mr. Barger chose the Passat TDI primarily because Volkswagen advertised the vehicle as offering excellent gas mileage combined with clean, environmentally-friendly emissions. Mr. Barger believed that Volkswagen's TDI engines had a lower negative impact on the environment than hybrid alternatives because they offered efficient performance and clean emissions without the addition of a non-recyclable battery.

77.     Mr. Barger has been harmed because he paid a premium for the Volkswagen's supposedly "Clean Diesel" engine. Furthermore, at the time Defendant's deception came to light, Mr. Barger planned to sell his Passat in order to purchase a new car, but believes that the resale value of his car has been severely diminished by Defendant's conduct. Even the Volkswagen dealership will not buy it.

**D.     Plaintiffs Victor and Jennifer Bonilla**

78.     Plaintiffs Victor and Jennifer Bonilla, residents of San Antonio, Texas, purchased or leased three Defeat Device Vehicles: a 2010 Volkswagen Jetta TDI, purchased new from Bill Jacobs Volkswagen in Aurora, Illinois, on or about January 30,

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

2010, and currently titled and registered to a daughter residing in Napa, California; a 2015 Volkswagen Golf TDI, purchased new from North Scottsdale Volkswagen in Phoenix, Arizona, in October 2014 and subsequently transferred to another daughter; and a 2015 Volkswagen Passat TDI, leased from North Scottsdale Volkswagen in July 2015.

79.     The Bonillas chose to purchase and lease these Defeat Device Vehicles based on Defendant's express, advertised representations concerning Defendant's "Clean Diesel" technology: the combination of performance, exceptional fuel economy, and environmentally friendly emissions. They had previously owned two Toyota Prius hybrids, in addition to earlier Volkswagen vehicles, but chose to replace them with "Clean Diesel" vehicles because of these features. The sales brochure for the 2010 Jetta also advertises a $1300 federal tax credit for "advanced clean-burning" vehicles.

80.     The Bonillas would not have bought the Defeat Device Vehicles but for these representations.

81.     The Bonillas have been irreparably harmed by Defendant's conduct. The current and resale value of their Defeat Device Vehicles has been diminished, and they believe that any fix Defendant attempts to implement will negatively affect the vehicles' performance and fuel economy, and thus will be an inadequate remedy for the harm they have suffered.

**E.     Plaintiff Sarah Howard**

82.     Plaintiff Sarah Howard, a citizen of Tampa, Florida, has owned her 2010 VW Jetta Sportswagen Diesel since August, 2013.

83.     Ms. Howard bought her Jetta Sportswagen from a CarMax dealership in Tampa, Florida.

84.     Ms. Howard purchased her Jetta Sportswagen because she wanted a fuel-efficient, high-performing vehicle to drive.  She trusted the Volkswagen brand name, and believed that it was worth more to pay a premium for a diesel Volkswagen because it would be better for the earth and save money on fuel.

85.     Ms. Howard would not have paid a premium for her Jetta Sportswagen if she had known the truth about its efficiency and emissions, and she would not have purchased her Jetta Sportswagen if she had known it included an unlawful defeat device. She believes that Volkswagen lied to her about the qualities of her car.

86.     Prior to September 18, 2015, the date the defeat device scam was revealed, Ms. Howard had the opportunity to resell her Jetta Sportswagen.  Now she believes the bottom has dropped out of the resale market for her vehicle, and she is very concerned about its resale value going forward.

F.    **Plaintiff Vikram Chabbra**

87.     Plaintiff Vikram Chhabra is a citizen of Fort Meyers, Florida.

88.     Mr. Chabbra owns a 2011 Jetta TDI, which he purchased in Florida in 2011.

89.     When Mr. Chabbra purchased his Jetta TDI, he paid a premium for the diesel, rather than gasoline engine.

90.     Mr. Chabbra is concerned with minimizing the impact his driving has on the environment. As a result, he was willing to spend this significant premium because he

23                          CLASS ACTION COMPLAINT

believed, based on Defendant's representations, that the diesel model was better for the environment, had low emissions, and would get great fuel efficiency.

91.     Mr. Chabbra reviewed the fuel efficiency information on the window decal included on his new car. Before buying the car, he also researched the efficiency of modern diesel engines in particular and learned that newer diesel engines, such as the CleanDiesel engines in Defendant's cars, were far less polluting.

92.     Mr. Chabbra would not have paid such a high premium for a diesel Volkswagen had he known the true emissions from that vehicle.

**G.     Plaintiff Scott Bahr**

93.     Plaintiff Scott Bahr, a citizen of Urbana, Illinois, has owned his 2015 VW Golf TDI since October, 2014.

94.     Mr. Bahr bought his VW Golf TDI from the Darcy (now Hawk) Volkswagen dealership in Joliet, Illinois on October 8, 2014.

95.     Mr. Bahr purchased his VW Golf TDI because he and his family try to make sound environmental choices.  For example, they have an eco-house called a passive house.

96.     Just as he was intentional to prioritize the environment when purchasing a home, he selected the Golf for the positive environmental qualities that Volkswagen represented.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

97.     Mr. Bahr trusted the Volkswagen brand name, and believed that it was worth more to pay a premium for a diesel Volkswagen because it would be better for the environment.

98.     Specifically, on the window sticker of Mr. Bahr's Golf TDI, Volkswagen stated that his fuel economy would be 36 miles per gallon (31 city and 43 highway), and that the Fuel Economy and Greenhouse Gas Rating of his car was 8/10, with 10 being the best.



99.     Mr. Bahr would not have paid a premium for his Golf if he had known the truth about its emissions.  Likewise, he never would have purchased it if he had known it included an unlawful defect device.  He believes that Volkswagen lied to him about the qualities of his car.

25                                                              CLASS ACTION COMPLAINT

100.   Mr. Bahr believes the resale market for his vehicle has declined drastically, and he is concerned about its resale value going forward.

**H.   Plaintiff Gerald Gottschalk**

101.   Plaintiff Gerald Gottschalk, a citizen of Clarkston, Michigan, has owned two diesel Volkswagens.

102.   In February 2015, Mr. Gottschalk traded in his TDI Passat and leased a new 2015 Jetta Sedan TDI from a dealership in Grand Blanc, Michigan.

103.   The price for the car was listed at $28,693.00, plus tax. He leased the car, and pays approximately $531 a month for this lease over 36 months.

104.   Mr. Gottschalk purchased the diesel version of this vehicle because he reasonably believed, based on Defendant's representations, that it was better for the environment and would get great fuel efficiency.

105.   For example, he reviewed the fuel efficiency information on the window decal included on his new car. Before buying the car, he also researched the efficiency of modern diesel engines in particular and learned that newer diesel engines, such as the CleanDiesel engines in Defendant's cars, were far less polluting.

106.   Mr. Gottschalk would not have paid such a high premium for a diesel Volkswagen had he known the true emissions from that vehicle.

CLASS ACTION COMPLAINT

## I.     Plaintiff Robert Platner

107.    Plaintiff Platner, a resident of Parlin, New Jersey, purchased a new 2009 Jetta Sportwagen TDI from Reydel Volkswagen in Edison, New Jersey on October 24, 2008.

108.    At the time he bought the car, he considered it a "marvel" because it professed to have excellent fuel economy and performance as well as extremely low emissions.

109.    Before he purchased the car, he researched Volkswagen's "clean" diesel vehicles on Defendant's website and elsewhere, and was particularly impressed that Volkswagen did not use a urea injection system, like other passenger diesel vehicles, but was able to achieve low emissions and provide high torque and horsepower while providing fuel efficiency.

110.    Because he lives in Middlesex County, an area rated by the EPA in 2008 as a non-attainment county for all criteria, he wanted to be sure to purchase a vehicle with low emissions. Volkswagen promised those low emissions, but that promise was based on a deception.

111.    Aside from unwittingly driving a car that polluted more than he reasonably believed, the resale value of his car has dropped or will drop dramatically as the market responds to the revelations about Defendant's deception. In addition, he paid a premium for a diesel car that did not perform as promised.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

**J.    Plaintiff Scott Coleman**

112.    Plaintiff Scott Coleman, a citizen of Cary, North Carolina, purchased a 2012 VW Jetta TDI at Leith Volkswagen in October 2011.

113.    Mr. Coleman paid approximately between $23,000 to $26,000 for the diesel version of this Jetta model. This price represented a significant premium over the gasoline version of this model.

114.    Mr. Coleman was willing to pay this premium because, based on Defendant's representations, he believed the vehicle met three key criteria: 1) fuel efficient, 2) low emission levels, and 3) high performance.

115.    Mr. Coleman reviewed the fuel efficiency information on the window decal included on his new car. Before buying the car, he also researched the efficiency of modern diesel engines in particular and learned that newer diesel engines, such as the CleanDiesel engines in Defendant's cars, were far less polluting.

116.    Mr. Coleman would not have paid such a high premium for a diesel Volkswagen had he known the true emissions from that vehicle.

**K.    Plaintiff James Saul**

117.    Plaintiff James Saul is a citizen of Portland, Oregon, and has owned two diesel Volkswagens.

118.    Currently, Mr. Saul owns a 2013 Jetta Sportwagon TDI, which he purchased in Wisconsin in October 2013.

CLASS ACTION COMPLAINT

119. To the best of his recollection, Mr. Saul paid approximately $27,000 to $28,000 for the diesel version of the Sportwagon. This price represented a significant premium over the gas version of the Sportwagon.

120. Mr. Saul is an environmental law professor and is particularly concerned with minimizing the impact his driving has on the environment. As a result, he was willing to spend a significant premium for his diesel Jetta because he believed, based on Defendant's representations, that it was better for the environment, had low emissions, and would get great fuel efficiency.

121. Mr. Saul reviewed the fuel efficiency information on the window decal included on his new car. Before buying the car, he also researched the efficiency of modern diesel engines in particular and learned that newer diesel engines, such as the CleanDiesel engines in Defendant's cars, were far less polluting.

122. Mr. Saul would not have paid such a high premium for a diesel Volkswagen had he known the true emissions from that vehicle.

**L.   Plaintiff Gary Rizzato**

123. Plaintiff Rizzato, a resident of Austin, Texas, bought at new 2011 Volkswagen Jetta TDI at a dealership in Bryan, Texas on July 6, 2011.

124. Like other people who bought Defendant's "clean" diesels, Jetta's efficiency and low emissions were key factors for him. He researched the car extensively and, based on the information Volkswagen provided to the public, decided the Jetta was an environmentally responsible choice.

CLASS ACTION COMPLAINT

125.   Investing in a "clean" diesel with high performance was exciting and rewarding for Mr. Rizzato, but that was based on a lie.

126.   Mr. Rizzato believes he paid a premium for "clean" qualities that the Jetta, in fact, did not have. He was planning to resell the vehicle as well, and now he believes he will be able to get far less for it.

## M.   Plaintiff Carol Hale Wilson

127.   Plaintiff Carol Hale Wilson is a citizen of Eau Claire, Wisconsin.

128.   Dr. Wilson purchased her 2012 Audi A3 TDI Diesel in April 2012 at Maplewood Audi in Saint Paul, Minnesota.

129.   It was no accident that Dr. Wilson purchased a diesel vehicle.  A retired professor, Dr. Wilson actively volunteers for Citizens' Climate Lobby, and cares deeply about the environment.  She selected the Audi A3 TDI Diesel specifically because of its chief twin selling points: low emissions and high performance.  She was particularly persuaded by Audi's marketing that the car was a responsible environmental choice.

130.   Dr. Wilson is devastated to learn that the supposedly low-emissions car she paid approximately $37,000 cash for just three years ago is polluting the environment at unlawful air quality levels.

131.   Prior to learning, on or about September 18, 2015, that her vehicle was outfitted with an unlawful defeat device, Dr. Wilson was planning to keep her Audi A3 TDI Diesel for several more years, and then to sell it when she had an opportunity to buy an electric car.

CLASS ACTION COMPLAINT

132.    Now that the value of her Audi A3 TDI Diesel has plummeted, Dr. Wilson believes its resale value is greatly diminished, and it will be far harder, if not impossible, to sell it in the future.

133.    While volunteering – effectively as a full-time job – in an effort to slow climate change, every time Dr. Wilson drives her "clean diesel" car, it contributes to climate destabilization. This is beyond distressing for Dr. Wilson.

## VII.    CLASS ACTION ALLEGATIONS

134.    Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons or entities in the United States who are current or former owners and/or lessees of a "Defeat Device Vehicle." Defeat Device Vehicles include, without limitation: Model Year ("MY") 2009-2015 Jetta. MY 2009-2014 Jetta Sportwagen, MY 2012-2015 Beetle and Beetle Convertible, MY 2010-2015 Golf, MY 2015 Golf Sportwagen, MY 2012-2015 Passat, and MY 2010-2015 Audi A3.

135.    Excluded from the Class are individuals who have personal injury claims resulting from the "defeat device" in the CleanDiesel system. Also excluded from the Class are Volkswagen and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based upon information learned through discovery.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

136.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

137.    This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

**1.      Numerosity: Federal Rule of Civil Procedure 23(a)(1).**

138.    The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are not less than hundreds of thousands of members of the Class, the precise number of Class members is unknown to Plaintiffs, but may be ascertained from Volkswagen's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

**2.      Commonality and Predominance: Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**

139.    This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a)      Whether Volkswagen engaged in the conduct alleged herein;

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

(b)     Whether Volkswagen designed, advertised, marketed, distributed, leased, sold, or otherwise placed Defeat Device Vehicles into the stream of commerce in the United States;

(c)     Whether the CleanDiesel engine system in the Defeat Device Vehicles contains a defect in that it does not comply with EPA requirements;

(d)     Whether the CleanDiesel engine systems in Defeat Device Vehicles can be made to comply with EPA standards without substantially degrading the performance and/or efficiency of the Defeat Device Vehicles;

(e)     Whether Volkswagen knew about the "defeat device" and, if so, how long Volkswagen has known;

(f)     Whether Volkswagen designed, manufactured, marketed, and distributed Defeat Device Vehicles with a "defeat device";

(g)     Whether Volkswagen's conduct violates consumer protection statutes, warranty laws, and other laws as asserted herein;

(h)     Whether Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles;

(i)     Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

(j)     Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

CLASS ACTION COMPLAINT

### 3.      Typicality: Federal Rule of Civil Procedure 23(a)(3).

140.   Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Volkswagen's wrongful conduct as described above.

### 4.      Adequacy: Federal Rule of Civil Procedure 23(a)(4).

141.   Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiffs and their counsel.

### 5.      Declaratory and Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2).

142.   Volkswagen has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

### 6.      Superiority: Federal Rule of Civil Procedure 23(b)(3).

143.   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

claims against Volkswagen, so it would be impracticable for members of the Class to individually seek redress for Volkswagen's wrongful conduct.

144.   Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VIII.  ANY OTHERWISE-APPLICABLE STATUTES OF LIMITATION ARE TOLLED

### A.    Discovery Rule Tolling

145.   The tolling doctrine was made for cases of concealment like this one. For the following reasons, any otherwise-applicable statutes of limitation have been tolled by the discovery rule with respect to all claims.

146.   Through the exercise of reasonable diligence, and within any applicable statutes of limitation, Plaintiffs and members of the proposed Class could not have discovered that Volkswagen was concealing and misrepresenting the true emissions levels of its vehicles, including but not limited to its use of defeat devices.

147.   As reported in the *New York Times* on September 19, 2015, the International Council on Clean Transportation, a research group, first noticed the difference between Volkswagen's emissions in testing laboratories and in normal use on the road. The

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

International Council on Clean Transportation brought the defeat device issue to the attention of the EPA. The EPA, in turn, conducted further tests on the vehicles, and ultimately uncovered the unlawful use of the defeat device software. Thus, Volkswagen's deception with respect to its CleanDiesel engines, engine control systems, and "defeat devices" was painstakingly concealed from consumers and regulators alike.

148.    Plaintiffs and the other Class members could not reasonably discover, and did not know of facts that would have caused a reasonable person to suspect, that Volkswagen intentionally failed to report information within its knowledge to federal and state authorities, its dealerships, or consumers.

149.    Likewise, a reasonable and diligent investigation could not have disclosed that Volkswagen had information in its sole possession about the existence of its sophisticated emissions deception and that it concealed that information, which was discovered by Plaintiffs immediately before this action was filed. Plaintiffs and other Class members could not have previously learned that Volkswagen valued profits over compliance with applicable federal and state emissions and consumer law.

**B.    Tolling Due To Fraudulent Concealment**

150.    Throughout the relevant time period, all applicable statutes of limitation have been tolled by Volkswagen's knowing and active fraudulent concealment and denial of the facts alleged in this Complaint.

151.    Instead of disclosing its emissions deception, or that the emissions from the Defeat Device Vehicles were far worse than represented, Volkswagen falsely represented

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

that its vehicles complied with federal and state emissions standards, and that it was a reputable manufacturer whose representations could be trusted.

## C.    Estoppel

152.    Volkswagen was under a continuous duty to disclose to Plaintiffs and the other Class members the facts that it knew about the emissions from Defeat Device Vehicles, and of those vehicles' failure to comply with federal and state laws.

153.    Although it had the duty throughout the relevant period to disclose to Plaintiffs and Class members that it had engaged in the deception described in this Complaint, Volkswagen chose to evade federal and state emissions and clean air standards with respect to the Defeat Device Vehicles, and it intentionally misrepresented its blatant and deceptive lack of compliance with state law regulating vehicle emissions and clean air.

154.    Thus, Volkswagen is estopped from relying on any statutes of limitations in defense of this action.

## IX.    CAUSES OF ACTION

## A.    Claims Asserted on Behalf of the Class

### COUNT I
### FRAUD BY CONCEALMENT
### (Common Law)

155.    Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

156.    Plaintiffs bring this claim on behalf of the Class.

CLASS ACTION COMPLAINT

157.   Volkswagen intentionally concealed and suppressed material facts concerning the quality and character of the Defeat Device Vehicles. As alleged in this Complaint, Volkswagen engaged in deception to evade federal and state vehicle emissions standards by installing software designed to conceal its vehicles' emissions of the pollutants, which contributes to the creation of ozone and smog.

158.   The software installed on the vehicles at issue was designed nefariously to kick-in during emissions certification testing, such that the vehicles would show far lower emissions than when actually operating on the road. The result was what Defendant's intended: vehicles passed emissions certifications by way of deliberately induced false readings. Reportedly, Volkswagen's deliberate, secret deception resulted in noxious emissions from these vehicles at 40 times applicable standards.

159.   Plaintiffs and Class members reasonably relied upon Volkswagen's false representations. They had no way of knowing that Volkswagen's representations were false and gravely misleading. As alleged herein, Volkswagen employed extremely sophisticated methods of deception. Plaintiffs and Class members did not, and could not, unravel Volkswagen's deception on their own.

160.   Volkswagen concealed and suppressed material facts concerning what is evidently the true culture of Volkswagen—one characterized by an emphasis on profits and sales above compliance with federal and state clean air law, and emissions

regulations that are meant to protect the public and consumers. It also emphasized profits and sales above the trust that Plaintiffs and Class members placed in its representations.

161.   As one representative customer, Kathy Muscato of Rochester, New York, explained in a tweet the day the EPA announced the Notice of Violation, she felt "betrayed" by Volkswagen:



**Kathy Muscato** @kathymuscato · Sep 18
Why we don't trust brands, people. I bought my diesel Volkswagen Jetta expressly for its clean performance. Feel betrayed.

↩     ↻ 1     ★ 1     •••

162.   Necessarily, Volkswagen also took steps to ensure that its employees did not reveal the details of its deception to regulators or consumers, including Plaintiffs and Class members. Volkswagen did so in order to boost the reputations of its vehicles and to falsely assure purchasers and lessors of its vehicles, including certified previously owned vehicles, that Volkswagen is a reputable manufacturer that complies with applicable law, including federal and state clean air law and emissions regulations, and that its vehicles likewise comply with applicable laws and regulations.

163.   Volkswagen's false representations were material to consumers, both because they concerned the quality of the Defeat Device Vehicles, including their

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

compliance with applicable federal and state laws and regulations regarding clean air and emissions, and also because the representations played a significant role in the value of the vehicles. As Volkswagen well knew, its customers, including Plaintiffs and Class members, highly valued that the vehicles they were purchasing or leasing were clean diesel cars, and they paid accordingly.

164.   Volkswagen had a duty to disclose the emissions deception it engaged in with respect to the vehicles at issue because knowledge of the deception and its details were known and/or accessible only to Volkswagen, because Volkswagen had exclusive knowledge as to implementation and maintenance of its deception, and because Volkswagen knew the facts were unknown to or reasonably discoverable by Plaintiffs or Class members.

165.   Volkswagen also had a duty to disclose because it made general affirmative representations about the qualities of its vehicles with respect to emissions standards, starting with references to them as clean diesel cars, or cars with clean diesel engines, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding its emissions deception, the actual emissions of its vehicles, its actual philosophy with respect to compliance with federal and state clean air law and emissions regulations, and its actual practices with respect to the vehicles at issue.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

166.   Having volunteered to provide information to Plaintiffs and the Class, Volkswagen had the duty to disclose the entire truth. These omitted and concealed facts were material because they directly affect the value of the Defeat Device Vehicles purchased or leased by Plaintiffs and Class members. Whether a manufacturer's products comply with federal and state clean air law and emissions regulations, and whether that manufacturer tells the truth with respect to such compliance or non-compliance, are material concerns to a consumer, including with respect to the emissions certifications testing their vehicles must pass. Volkswagen represented to Plaintiffs and Class members that they were purchasing clean diesel vehicles, and certification testing appeared to confirm this—except that, secretly, Volkswagen had thoroughly subverted the testing process.

167.   Volkswagen actively concealed and/or suppressed these material facts, in whole or in part, to pad and protect its profits and to avoid the perception that its vehicles did not or could not comply with federal and state laws governing clean air and emissions, which perception would hurt the brand's image and cost Volkswagen money, and it did so at the expense of Plaintiffs and Class members.

168.   On information and belief, Volkswagen has still not made full and adequate disclosures, and continues to defraud Plaintiffs and Class members by concealing material information regarding the emissions qualities of its referenced vehicles and its emissions deception.

CLASS ACTION COMPLAINT

169.   Plaintiffs and Class members were unaware of the omitted material facts referenced herein, and they would not have acted as they did if they had known of the concealed and/or suppressed facts, in that they would not have purchased purportedly "clean" diesel cars manufactured by Volkswagen, and/or would not have continued to drive their heavily polluting vehicles, or would have taken other affirmative steps in light of the information concealed from them. Plaintiffs' and Class members' actions were justified. Volkswagen was in exclusive control of the material facts, and such facts were not known to the public, Plaintiffs, or Class members.

170.   Because of the concealment and/or suppression of the facts, Plaintiffs and Class members have sustained damages because they own vehicles that are diminished in value as a result of Volkswagen's concealment of the true quality and quantity of those vehicles' emissions and Volkswagen's failure to timely disclose the actual emissions qualities and quantities of hundreds of thousands of Volkswagen- and Audi-branded vehicles and the serious issues engendered by Volkswagen's corporate policies. Had Plaintiffs and Class members been aware of Volkswagen's emissions deceptions with regard to the vehicles at issue, and the company's callous disregard for compliance with applicable federal and state law and regulations, Plaintiffs and Class members who purchased or leased new or certified previously owned vehicles would have paid less for their vehicles or would not have purchased or leased them at all.

CLASS ACTION COMPLAINT

171.   The value of Plaintiffs' and Class members' vehicles has diminished as a result of Volkswagen's fraudulent concealment of its emissions deception, which has greatly tarnished the Volkswagen and Audi brand names attached to Plaintiffs' and Class members' vehicles and made any reasonable consumer reluctant to purchase any of the Defeat Device Vehicles, let alone pay what otherwise would have been fair market value for the vehicles.

172.   Accordingly, Volkswagen is liable to Plaintiffs and Class members for damages in an amount to be proven at trial.

173.   Volkswagen's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and Class members' rights and the representations that Volkswagen made to them, in order to enrich Volkswagen. Volkswagen's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

174.   Plaintiffs plead this count pursuant to the law of Virginia, where Volkswagen has its American headquarters, on behalf of all members of the Class. As necessary, and in the alternative, Plaintiffs may allege sub-classes, based on the residences at pertinent times of members of the Class, to allege fraudulent concealment under the laws of states other than Virginia.

43

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

## COUNT II
## BREACH OF CONTRACT

175.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

176.   Plaintiffs bring this Count on behalf of the Class.

177.   Volkswagen's misrepresentations and omissions alleged herein, including Volkswagen's failure to disclose the existence of the "defeat device" and/or defective design as alleged herein, caused Plaintiffs and the other Class members to make their purchases or leases of their Defeat Device Vehicles. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased or leased these Defeat Device Vehicles, would not have purchased or leased these Defeat Device Vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative vehicles that did not contain the CleanDiesel engine system and the "defeat device." Accordingly, Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles and did not receive the benefit of their bargain.

178.   Each and every sale or lease of a Defeat Device Vehicle constitutes a contract between Volkswagen and the purchaser or lessee. Volkswagen breached these contracts by selling or leasing Plaintiffs and the other Class members defective Defeat Device Vehicles and by misrepresenting or failing to disclose the existence of the "defeat device" and/or defective design, including information known to Volkswagen rendering

CLASS ACTION COMPLAINT

each Defeat Device Vehicle less safe and emissions compliant, and thus less valuable, than vehicles not equipped with CleanDiesel engine systems and "defeat devices."

179.   As a direct and proximate result of Volkswagen's breach of contract, Plaintiffs and the Class have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## COUNT III
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Cod §§ 17200, *et seq.*)

180.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

181.   Plaintiffs bring this Count on behalf of the Class.

182.   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

183.   Volkswagen's conduct, as described herein, was and is in violation of the UCL. Volkswagen's conduct violates the UCL in at least the following ways:

(a)     By knowingly and intentionally concealing from Plaintiffs and the other Class members that the Defeat Device Vehicles suffer from a design defect while obtaining money from Plaintiffs and the Class;

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

(b)     By marketing Defeat Device Vehicles as possessing functional and defect-free, EPA compliant CleanDiesel engine systems;

(c)     By purposefully installing an illegal "defeat device" in the Defeat Device Vehicles to fraudulently obtain EPA and CARB certification and cause Defeat Device Vehicles to pass emissions tests when in truth and fact they did not pass such tests;

(d)     By violating federal laws, including the Clean Air Act; and

(e)     By violating other California laws, including California laws governing vehicle emissions and emission testing requirements.

184.   Volkswagen's misrepresentations and omissions alleged herein caused Plaintiffs and the other Class members to make their purchases or leases of their Defeat Device Vehicles. Absent those misrepresentations and omissions, Plaintiffs and the other Class members would not have purchased or leased these Defeat Device Vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative vehicles that did not contain CleanDiesel engine systems that failed to comply with EPA and California emissions standards.

185.   Accordingly, Plaintiffs and the other Class members have suffered injury in fact including lost money or property as a result of Volkswagen's misrepresentations and omissions.

CLASS ACTION COMPLAINT

186.   Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Volkswagen under Cal. Bus. & Prof. Code § 17200.

187.   Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin Volkswagen from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and members of the Class any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief set forth below.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

188.   Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

189.   Plaintiffs bring a cause of action against Defendant for breach of express warranty on behalf of themselves and the Class.

190.   Defendant made numerous representations, descriptions, and promises to Plaintiffs and Class members regarding the performance and emission controls of its diesel vehicles.

191.   Defendant, however, knew or should have known that its representations, descriptions, and promises were false. Defendant was aware that it had installed defeat devices in the vehicles it sold to Plaintiffs and Class members.

CLASS ACTION COMPLAINT

192.   Plaintiffs and Class members reasonably relied on Volkswagen's representations in purchasing "clean" diesel vehicles. Those vehicles, however, did not perform as was warranted. Unbeknownst to Plaintiffs, those vehicles included devices that caused their emission reduction systems to perform at levels worse than advertised. Those devices are defects. Accordingly, Volkswagen breached its express warranty by providing a product containing defects that were never disclosed to the Plaintiffs and Class members.

193.   As a direct and proximate result of Volkswagen's false and misleading representations and warranties, Plaintiffs and Class members suffered significant damages and seek the relief described below.

## COUNT V
## BREACH OF IMPLIED WARRANTY

194.   Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

195.   Plaintiffs bring this cause of action against Volkswagen for breach of implied warranty on behalf of themselves and the Class.

196.   Volkswagen made numerous representations, descriptions, and promises to Plaintiffs and Class members regarding the functionality of Volkswagen's "clean" diesel technology.

197.   Plaintiffs and Class members reasonably relied on Volkswagen's representations in purchasing the Defeat Device vehicles.

CLASS ACTION COMPLAINT

198.   As set forth throughout this Complaint, Volkswagen knew that its representations, descriptions and promises regarding its diesel engines were false.

199.   When Plaintiffs and Class members purchased Volkswagen's diesel vehicles, they did not conform to the promises or affirmations of fact made in Volkswagen's promotional materials, including that the vehicles were designed to meet the most demanding environmental standards. Instead, as alleged above, those vehicles were designed to cheat those standards, and the vehicles emitted far higher levels of pollution than promised.

200.   Accordingly, the Defeat Device Vehicles failed to conform to Volkswagen's implied warranty regarding their functionality.

201.   As a direct and proximate result of Volkswagen's false and misleading representations and warranties, Plaintiffs and Class members suffered significant injury when Volkswagen sold them cars that, it is now clear, are worth far less than the price Plaintiffs and Class members paid for them. Accordingly, Plaintiffs and the Class seek the relief described below.

**COUNT VI**
**IMPLIED WARRANTY**
**Magnuson - Moss Act (15 U.S.C. §§ 2301, *et seq*.)**

202.   Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

203.   Plaintiffs assert this cause of action on behalf of themselves and the other members of the Class.

CLASS ACTION COMPLAINT

204. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 2301(3).

205. Volkswagen's Defeat Device Vehicles are a "consumer product," as that term is defined in 15 U.S.C. § 2301(1).

206. Plaintiffs and Class members are "consumers," as that term is defined in 15 U.S.C. § 2301(3).

207. Volkswagen is a "warrantor" and "supplier" as those terms are defined in 15 U.S.C. § 2301(4) and (5).

208. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

209. Volkswagen provided Plaintiffs and Class members with "implied warranties," as that term is defined in 15 U.S.C. § 2301(7).

210. Volkswagen has breached these implied warranties as described in more detail above. Without limitation, Volkswagen's Defeat Device vehicles are defective, as described above, which resulted in the problems and failures also described above.

211. By Volkswagen's conduct as described herein, including Volkswagen's knowledge of the defects inherent in the vehicles and its action, and inaction, in the face of the knowledge, Volkswagen has failed to comply with its obligations under its written and implied promises, warranties, and representations.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

212.   In its capacity as a warrantor, and by the conduct described herein, any attempts by Volkswagen to limit the implied warranties in a manner that would exclude coverage of the defective software and systems is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective the software and supporting systems is null and void.

213.   All jurisdictional prerequisites have been satisfied.

214.   Plaintiffs and members of the Class are in privity with Volkswagen in that they purchased the software from Volkswagen or its agents.

215.   As a result of Volkswagen's breach of implied warranties, Plaintiffs and the Nationwide Class members are entitled to revoke their acceptance of the vehicles, obtain damages and equitable relief, and obtain costs pursuant to 15 U.S.C. §2310.

**COUNT VII**
**UNJUST ENRICHMENT**

216.   Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

217.   Plaintiffs bring this count on behalf of themselves and, where applicable, the Class.

218.   Plaintiffs and members of the Class conferred a benefit on Defendant by, *inter alia*, using (and paying for) its vehicles.

219.   Defendant has retained this benefit, and know of and appreciate this benefit.

CLASS ACTION COMPLAINT

220.   Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and Class members.

221.   Defendant should be required to disgorge this unjust enrichment.

**B.   State-Specific Claims**

**COUNT VIII**
**VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**(Cal. Civ. Code §§ 1750, *et seq.*)**

222.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

223.   Plaintiffs bring this Count on behalf of California members of the Class.

224.   California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

225.   The Defeat Device Vehicles are "goods" as defined in Cal. Civ. Code § 1761(a).

226.   Plaintiffs and the other California members of the Class are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiffs, the other California members of the Class, and Volkswagen are "persons" as defined in Cal. Civ. Code § 1761(c).

227.   As alleged above, Volkswagen made numerous representations concerning the benefits, efficiency, performance and safety features of CleanDiesel engine systems that were misleading.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

228.   In purchasing or leasing the Defeat Device Vehicles, Plaintiffs and the other Class members were deceived by Volkswagen's failure to disclose that the Defeat Device Vehicles were equipped with defective CleanDiesel engine systems that failed EPA and California emissions standards.

229.   Volkswagen's conduct, as described hereinabove, was and is in violation of the CLRA. Volkswagen's conduct violates at least the following enumerated CLRA provisions:

(a)   Cal. Civ. Code § 1770(a)(5): Representing that goods have characteristics, uses, and benefits which they do not have;

(b)   Cal. Civ. Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

(c)   Cal. Civ. Code § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

(d)   Cal. Civ. Code § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

230.   Plaintiffs and the other California members of the Class have suffered injury in fact and actual damages resulting from Volkswagen's material omissions and misrepresentations because they paid an inflated purchase or lease price for the Defeat Device Vehicles and because they stand to pay additional fuel costs if and when their Defeat Device Vehicles are made to comply with emissions standards.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

231.    Volkswagen knew, should have known, or was reckless in not knowing of the defective design and/or manufacture of the CleanDiesel engine systems, and that the Defeat Device Vehicles were not suitable for their intended use.

232.    The facts concealed and omitted by Volkswagen to Plaintiffs and the other California members of the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase or lease the Defeat Device Vehicles or pay a lower price. Had Plaintiffs and the other California members of the Class known about the defective nature of the Defeat Device Vehicles, they would not have purchased or leased the Defeat Device Vehicles or would not have paid the prices they paid.

233.    Plaintiffs has provided Volkswagen with notice of its violations of the CLRA pursuant to Cal. Civ. Code § 1782(a). The notice was transmitted to Volkswagen on September 18, 2015.

234.    Plaintiffs' and the other California members of the Class' injuries were proximately caused by Volkswagen's fraudulent and deceptive business practices.

235.    Therefore, Plaintiffs and the other California members of the Class are entitled to equitable and monetary relief under the CLRA.

### COUNT IX
### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW
#### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

236.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

CLASS ACTION COMPLAINT

237.   Plaintiffs bring this Count on behalf of the California members of the Class.

238.   California Bus. & Prof. Code § 17500 states:

It is unlawful for any...corporation...with intent directly or indirectly to dispose of real or personal property...to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, ... or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

239.   Volkswagen caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Volkswagen, to be untrue and misleading to consumers, including Plaintiffs and the other Class members.

240.   Volkswagen has violated § 17500 because the misrepresentations and omissions regarding the safety, reliability, and functionality of Defeat Device Vehicles as set forth in this Complaint were material and likely to deceive a reasonable consumer.

241.   Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Volkswagen's unfair, unlawful,

CLASS ACTION COMPLAINT

and/or deceptive practices. In purchasing or leasing their Defeat Device Vehicles, Plaintiffs and the other Class members relied on the misrepresentations and/or omissions of Volkswagen with respect to the safety, performance and reliability of the Defeat Device Vehicles. Volkswagen's representations turned out not to be true because the Defeat Device Vehicles are distributed with faulty and defective CleanDiesel engine systems, rendering certain safety and emissions functions inoperative. Had Plaintiffs and the other Class members known this, they would not have purchased or leased their Defeat Device Vehicles and/or paid as much for them. Accordingly, Plaintiffs and the other Class members overpaid for their Defeat Device Vehicles and did not receive the benefit of their bargain.

242.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Volkswagen's business. Volkswagen's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

243.   Plaintiffs, individually and on behalf of the other Class members, request that this Court enter such orders or judgments as may be necessary to enjoin Volkswagen from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and the other Class members any money Volkswagen acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

# COUNT X
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Cal. Com. Code § 2314)

244.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

245.   Plaintiffs bring this Count on behalf of the California members of the Class.

246.   Volkswagen is and was at all relevant times a merchant with respect to motor vehicles under Cal. Com. Code § 2104.

247.   A warranty that the Defeat Device Vehicles were in merchantable condition was implied by law in the instant transaction, pursuant to Cal. Com. Code § 2314.

248.   These Defeat Device Vehicles, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used. Specifically, the Defeat Device Vehicles are inherently defective in that they do not comply with federal and state emissions standards, rendering certain safety and emissions functions inoperative; and the CleanDiesel engine system was not adequately designed, manufactured, and tested.

249.   Volkswagen was provided notice of these issues by the investigations of the EPA and individual state regulators.

250.   Plaintiffs and the other Class members have had sufficient direct dealings with either Volkswagen or their agents (dealerships) to establish privity of contract between Plaintiffs and the other Class members. Notwithstanding this, privity is not required in this case because Plaintiffs and the other Class members are intended third-

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

party beneficiaries of contracts between Volkswagen and its dealers; specifically, they are the intended beneficiaries of Volkswagen's implied warranties. The dealers were not intended to be the ultimate consumers of the Defeat Device Vehicles and have no rights under the warranty agreements provided with the Defeat Device Vehicles; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because Plaintiffs' and the other Class members' Defeat Device Vehicles are dangerous instrumentalities due to the aforementioned defects and nonconformities.

251.   As a direct and proximate result of Volkswagen's breach of the warranties of merchantability, Plaintiffs and the other Class members have been damaged in an amount to be proven at trial.

## COUNT XI
## FRAUD BY CONCEALMENT
### (California Law)

252.   Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

253.   This claim is brought on behalf of California members of the Class.

254.   Volkswagen intentionally concealed and suppressed material facts concerning the quality of the Defeat Device Vehicles. As alleged in this complaint, notwithstanding references in the very model names of the subject vehicles as "Clean Diesel," or to their engines as "TDI Clean Diesel" engines, Volkswagen engaged in a secret deception to evade federal and state vehicle emissions standards by installing

software designed to conceal its vehicles' emissions of the pollutant nitrogen oxide, which contributes to the creation of ozone and smog. The software installed on the vehicles at issue was designed nefariously to kick-in during emissions certification testing, such that the vehicles would show far lower emissions than when actually operating on the road. The result was what Volkswagen intended: vehicles passed emissions certifications by way of deliberately induced false readings. Reportedly, Volkswagen's deliberate, secret deception resulted in noxious emissions from these vehicles at 40 times applicable standards.

255.   Plaintiffs and California members of the Class reasonably relied upon Volkswagen's false representations. They had no way of knowing that Volkswagen's representations were false and gravely misleading. As alleged herein, Volkswagen employed extremely sophisticated methods of deception. Plaintiffs and California members of the Class did not, and could not, unravel Volkswagen's deception on their own.

256.   Volkswagen concealed and suppressed material facts concerning what is evidently the true culture of Volkswagen—one characterized by an emphasis on profits and sales above compliance with federal and state clean air law, and emissions regulations that are meant to protect the public and consumers. It also emphasized profits and sales about the trust that Plaintiffs and California members of the Class placed in its representations. As one customer, Priya Shah, put it in a quotation cited by the *Los*

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

*Angeles Times* in a September 15, 2015 article, "It's just a blatant disregard and intentional manipulation of the system. That's just a whole other level of not only lying to the government, but also lying to your consumer. People buy diesel cars from Volkswagen because they feel they are clean diesel cars." As Ms. Shah put it, "I don't want to be spewing noxious gases into the environment."

257.   Necessarily, Volkswagen also took steps to ensure that its employees did not reveal the details of its deception to regulators or consumers, including Plaintiffs and California members of the Class. Volkswagen did so in order to boost the reputations of its vehicles and to falsely assure purchasers and lessors of its vehicles, including certified previously owned vehicles, that Volkswagen is a reputable manufacturer that complies with applicable law, including federal and state clean air law and emissions regulations, and that its vehicles likewise comply with applicable law and regulations. Volkswagen's false representations were material to consumers, both because they concerned the quality of the Defeat Device Vehicles, including their compliance with applicable federal and state law and regulations regarding clean air and emissions, and also because the representations played a significant role in the value of the vehicles. As Volkswagen well knew, its customers, including Plaintiffs and California members of the Class, highly valued that the vehicles they were purchasing or leasing were clean diesel cars, and they paid accordingly.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

258.   Volkswagen had a duty to disclose the emissions deception it engaged in with respect to the Defeat Device Vehicles because knowledge of the deception and its details were known and/or accessible only to Volkswagen, because Volkswagen had exclusive knowledge as to implementation and maintenance of its deception, and because Volkswagen knew the facts were not known to or reasonably discoverable by Plaintiffs or California members of the Class. Volkswagen also had a duty to disclose because it made general affirmative representations about the qualities of its vehicles with respect to emissions standards, starting with references to them as clean diesel cars, or cars with clean diesel engines, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding its emissions deception, the actual emissions of its vehicles, its actual philosophy with respect to compliance with federal and state clean air law and emissions regulations, and its actual practices with respect to the vehicles at issue. Having volunteered to provide information to Plaintiffs, Volkswagen had the duty to disclose not just the partial truth, but the entire truth. These omitted and concealed facts were material because they directly impact the value of the Defeat Device Vehicles purchased or leased by Plaintiffs and California members of the Class. Whether a manufacturer's products comply with federal and state clean air law and emissions regulations, and whether that manufacturer tells the truth with respect to such compliance or non-compliance, are material concerns to a consumer, including with respect to the emissions certifications testing their vehicles must pass. Volkswagen

CLASS ACTION COMPLAINT

represented to Plaintiffs and California members of the Class that they were purchasing

clean diesel vehicles, and certification testing appeared to confirm this—except that,

secretly, Volkswagen had subverted the testing process thoroughly.

259.   Volkswagen actively concealed and/or suppressed these material facts, in

whole or in part, to pad and protect its profits and to avoid the perception that its vehicles

did not or could not comply with federal and state laws governing clean air and

emissions, which perception would hurt the brand's image and cost Volkswagen money,

and it did so at the expense of Plaintiffs and California members of the Class.

260.   On information and belief, Volkswagen has still not made full and adequate

disclosures, and continues to defraud Plaintiffs and California members of the Class by

concealing material information regarding the emissions qualities of its referenced

vehicles and its emissions deception.

261.   Plaintiffs and California members of the Class were unaware of the omitted

material facts referenced herein, and they would not have acted as they did if they had

known of the concealed and/or suppressed facts, in that they would not have purchased

purportedly "clean" diesel cars manufactured by Volkswagen, and/or would not have

continued to drive their heavily polluting vehicles, or would have taken other affirmative

steps in light of the information concealed from them. Plaintiffs' and California members

of the Class' actions were justified. Volkswagen was in exclusive control of the material

CLASS ACTION COMPLAINT

facts, and such facts were not known to the public, Plaintiffs, or California members of the Class.

262.   Because of the concealment and/or suppression of the facts, Plaintiffs and California members of the Class have sustained damage because they own vehicles that are diminished in value as a result of Volkswagen's concealment of the true quality and quantity of those vehicles' emissions and Volkswagen's failure to timely disclose the actual emissions qualities and quantities of millions of Volkswagen- and Audi-branded vehicles and the serious issues engendered by Volkswagen's corporate policies. Had Plaintiffs and California members of the Class been aware of Volkswagen's emissions deception with regard to the vehicles at issue, and the company's callous disregard for compliance with applicable federal and state law and regulations, Plaintiffs and California members of the Class who purchased or leased new or certified previously owned vehicles would have paid less for their vehicles or would not have purchased or leased them at all.

263.   The value of Plaintiffs' and California members of the Class' vehicles has diminished as a result of Volkswagen's fraudulent concealment of its emissions deception, which has greatly tarnished the Volkswagen and Audi brand names attached to Plaintiffs' and California members of the Class' vehicles and made any reasonable consumer reluctant to purchase any of the Defeat Device Vehicles, let alone pay what otherwise would have been fair market value for the vehicles.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

264.   Accordingly, Volkswagen is liable to Plaintiffs and California members of the Class for damages in an amount to be proven at trial.

265.   Volkswagen's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs and California members of the Class' rights and the representations that Volkswagen made to them, in order to enrich Volkswagen. Volkswagen's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

266.   Plaintiffs plead this count pursuant to the law of California on behalf of all members of the California members of the Class.

## COUNT XII
## VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Cal. Civ. Code §§ 1791.1 & 1792)

267.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

268.   Plaintiffs bring this Count on behalf of the California members of the Class.

269.   Plaintiffs and the other Class members who purchased or leased the Defeat Device Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

270.   The Defeat Device Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

271.   Volkswagen is a "manufacturer" of the Defeat Device Vehicles within the meaning of Cal. Civ. Code § 1791(j).

272.   Volkswagen impliedly warranted to Plaintiffs and the other Class members that its Defeat Device Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792, however, the Defeat Device Vehicles do not have the quality that a buyer would reasonably expect.

273.   Cal. Civ. Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(a)   Pass without objection in the trade under the contract description.

(b)   Are fit for the ordinary purposes for which such goods are used.

(c)   Are adequately contained, packaged, and labeled.

(d)   Conform to the promises or affirmations of fact made on the container or label.

274.   The Defeat Device Vehicles would not pass without objection in the automotive trade because they do not pass EPA and state law emissions regulations.

275.   Because the "defeat device" falsely causes Defeat Device Vehicles to obtain EPA certification and pass emissions tests when in fact they omit 40 times the permitted level of NOx, they are not safe to drive and thus not fit for ordinary purposes.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

276.   The Defeat Device Vehicles are not adequately labeled because the labeling fails to disclose the "defeat device" that causes emissions systems of the Defeat Device Vehicles to become inoperative during normal use.

277.   Volkswagen breached the implied warranty of merchantability by manufacturing and selling Defeat Device Vehicles containing the "defeat device." Furthermore, Volkswagen's fraudulent use of the "defeat device" has caused Plaintiffs and the other Class members to not receive the benefit of their bargain and has caused Defeat Device Vehicles to depreciate in value.

278.   As a direct and proximate result of Volkswagen's breach of the implied warranty of merchantability, Plaintiffs and the other Class members received goods whose dangerous and dysfunctional condition substantially impairs their value to Plaintiffs and the other Class members. Plaintiffs and the other Class members have been damaged as a result of the diminished value of Volkswagen's products, the products' malfunctioning, and the nonuse of their Defeat Device Vehicles.

279.   Pursuant to Cal. Civ. Code §§ 1791.1(d) & 1794, Plaintiffs and the other Class members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Defeat Device Vehicles, or the overpayment or diminution in value of their Defeat Device Vehicles.

280.   Pursuant to Cal. Civ. Code § 1794, Plaintiffs and the other Class members are entitled to costs and attorneys' fees.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

## COUNT XIII
## VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT ("ARIZONA CFA")
### (Ariz. Rev. Stat. §§ 44-1521 et seq.)

281.   Plaintiffs incorporate by reference the preceding allegations as though fully set forth herein.

282.   Plaintiffs bring this Count on behalf of the Arizona members of the Class.

283.   Plaintiffs and Defendant are "persons" as the Arizona CFA, Ariz. Rev. Stat. § 44-1521(6), defines the term. The Defeat Device Vehicles are "merchandise" as defined by the CFA. Id., § 44-1521(5).

284.   The Arizona CFA proscribes "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." Id., § 44-1522(A).

285.   By deceptively and falsely misrepresenting, concealing, and failing to disclose that the Defeat Device Vehicles used "Defeat Devices," polluted much more than advertised, and failed to comply with EPA and state emissions requirements, Defendant engaged in deceptive business practices prohibited by the CFA.

286.   Defendant knew that the Defeat Device Vehicles did not comply with EPA and state emissions requirements, that the vehicles contained an illegal "Defeat Device," and that they polluted much more than the allowable levels.

CLASS ACTION COMPLAINT

287.   Despite this knowledge, Defendant made numerous statements about the characteristics, features, and benefits of the "Clean Diesel" TDI engines and vehicles, which were false or misleading, and each such statement contributed to the deceptive nature and context of Defendant's advertising of the Defeat Device Vehicles as a whole.

288.   Defendant's misrepresentations and omissions in failing to disclose the presence of the "Defeat Device" in the Defeat Device Vehicles caused the Arizona members of the Class to purchase or lease their Defeat Device Vehicles. But for those misrepresentations and omissions, the Arizona members of the Class would not have purchased or leased Defeat Device Vehicles, or would not have paid the premium prices they paid for "Clean Diesel" vehicles.

289.   Defendant owed Plaintiffs and Arizona members of the Class a duty to disclose the true nature of the Defeat Device Vehicles, but failed to warn them. Defendant owed this duty because only Defendant knew that the Defeat Device Vehicles contained illegal Defeat Devices and did not comply with EPA requirements, and Defendant intentionally concealed this information, all the while making incomplete or false representations concerning the cleanliness of the Defeat Device Vehicles' emissions.

290.   Defendant caused actual damage to Plaintiffs and Arizona members of the Class as a result of Defendant's violations of the Arizona CFA. This harm will continue if not stopped.

CLASS ACTION COMPLAINT

291.   As a result of Defendant's deceptive business practices, the Arizona members of the Class overpaid for their Defeat Device Vehicles at the time of purchase or lease, and the resale value of each Defeat Device Vehicle so purchased or leased has decreased.

292.   Plaintiffs and Arizona members of the Class are therefore entitled to damages and other relief under the CFA.

293.   Plaintiffs also seek court costs and attorneys' fees as a result of Defendant's violation of the CFA. See id., § 12-341.01.

294.   Every sale or lease of a Defeat Device Vehicle is a contract between the purchaser or lessee on the one hand and Defendant on the other.

295.   Defendant breached each of these contracts by selling or leasing to Arizona members of the Class Defeat Device vehicles and misrepresenting or failing to disclose the presence of the "Defeat Device" and that the vehicles were not EPA-compliant, and by affirmatively representing that the Defeat Device Vehicles were "clean," "environmentally friendly," or "green."

296.   As a direct and proximate result of Defendant's breach of contract, the Arizona members of the Class have been damaged in an amount to be proven at trial, including, but not limited to, all compensatory, incidental, and consequential damages, and other damages allowed by law.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

## COUNT XIV
## VIOLATION OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. §§ 501.201, et seq.)

297.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

298.   Plaintiffs bring this Count on behalf of the Florida members of the Class.

299.   The Florida Deceptive and Unfair Trade Practices Act ("DUTPA" or "Act") regulates and prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

300.   Plaintiffs and Class members are "consumers" under the Act. Fla. Stat. § 501.203(7)

301.   Volkswagen, in designing, marketing, and selling unlawful Defeat Device Vehicles, engaged in deceptive and unfair practices. That includes representing that Defeat Device Vehicles have characteristics, uses, benefits, and qualities which they do not have, such as low emissions.

302.   Defendant's unlawful and deceptive practices were designed to mislead a reasonable customer and to induce customers into buying or leasing Defeat Device Vehicles, and in fact Defendant's practices caused Plaintiffs and class members to do so.

303.   Those unlawful and deceptive acts caused damages to Plaintiffs and the Class, by, among other things, causing them to pay a premium for purportedly "clean"

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

CLASS ACTION COMPLAINT

diesels and causing them to come into possession of a vehicle (or vehicles) that now has a diminished resale value.

304.   Defendant's deception was willful: Defendant intentionally designed the defeat device and then actively concealed it from regulators.

## COUNT XV
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT ("ILLINOIS CFA")
### (815 ILCS 505/1, et seq. and 720 ILCS 295/1A)

305.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

306.   Plaintiffs assert this Count on behalf of the Illinois members of the Class.

307.   Volkswagen is a "person" as that term is defined in 815 ILCS 505/1(c).

308.   Plaintiff Bahr and other Illinois purchasers of the Defeat Device Vehicles are "consumers" as that term is defined in 815 ILCS 505/1(e).

309.   The Illinois CFA prohibits "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

CLASS ACTION COMPLAINT

310.    When Volkswagen fraudulently installed the defeat device in the Defeat Device Vehicles, Volkswagen engaged in deceptive business practices prohibited by the Illinois CFA.

311.    Even though Volkswagen has known of its design, installation, and use of the "defeat device" and the true nature of its CleanDiesel engine system for at least six years, it concealed all of that information until the EPA required its disclosure.

312.    When Volkswagen concealed that its CleanDiesel systems failed EPA regulations and otherwise engaged in activities with a tendency or capacity to deceive, in the course of its business, Volkswagen engaged in deceptive business practices prohibited by the Illinois CFA.

313.    Volkswagen's violations present a continuing risk to Plaintiffs as well as to the general public. Volkswagen's unlawful acts and practices affect the public interest.

314.    Volkswagen's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs, about the true fuel efficiency of the CleanDiesel engine system, the falsity of Volkswagen's claims regarding environmental cleanliness and integrity at Volkswagen, and the true value of the Defeat Device Vehicles.

315.    Plaintiffs suffered ascertainable loss caused by Volkswagen's misrepresentations and its concealment of and failure to disclose material information.

CLASS ACTION COMPLAINT

316.   Volkswagen intentionally and knowingly misrepresented material facts regarding the Defeat Device Vehicles with an intent to mislead Plaintiffs.

317.   Volkswagen had an ongoing duty to all Volkswagen and Audi customers to refrain from unfair and deceptive acts or practices under the Illinois CFA. All owners of Defeat Device Vehicles suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Volkswagen's deceptive and unfair acts and practices made in the course of Volkswagen's business.

318.   As a direct and proximate result of Volkswagen's violations of the Illinois CFA, Plaintiffs have suffered injury-in-fact and/or actual damage.

319.   Volkswagen's material statements about the features of the Defeat Device Vehicles were false and/or misleading.

320.   Plaintiffs seek an order to enjoin Volkswagen's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under 815 ILCS § 505/1 et seq.

321.   Pursuant to 815 ILCS 505/10a(a), Plaintiffs seek monetary relief against Volkswagen in the amount of actual damages, as well as punitive damages because Volkswagen acted with fraud and/or malice and/or was grossly negligent.

## COUNT XVI
## VIOLATION OF MINNESOTA CONSUMER FRAUD ACT ("MINNESOTA CFA")
### (MINN. STAT. § 325F.68, et seq.)

322.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

323.   Plaintiffs assert this count on behalf of Minnesota members of the Class.

324.   The Minnesota CFA prohibits "The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby . . ." MINN. STAT. § 325F.69 subd. 1.

325.   Volkswagen participated in misleading, false, or deceptive acts that violated the Minnesota CFA. By fraudulently installing the "defeat device" to make it appear that its CleanDiesel engine systems complied with EPA regulations, Volkswagen engaged in deceptive business practices prohibited by the Minnesota CFA.

326.   The actions and omissions described above occurred in trade or commerce, as those terms are defined by the Minnesota CFA.

327.   The Defeat Device Vehicles are considered to be "merchandise" under the Minnesota CFA.

328.   When Volkswagen fraudulently installed the defeat device in the Defeat Device Vehicles, Volkswagen engaged in deceptive business practices prohibited by the Minnesota CFA.

329.   Even though Volkswagen has known of its design, installation, and use of the "defeat device" and the true nature of its CleanDiesel engine system for at least six years, it concealed all of that information until the EPA required its disclosure.

CLASS ACTION COMPLAINT

330.    When Volkswagen concealed that its CleanDiesel systems failed EPA regulations and otherwise engaged in activities with a tendency or capacity to deceive, in the course of its business, Volkswagen engaged in deceptive business practices prohibited by the Minnesota CFA.

331.    Volkswagen's violations present a continuing risk to Plaintiffs as well as to the general public. Volkswagen's unlawful acts and practices affect the public interest.

332.    Volkswagen intentionally and knowingly misrepresented material facts regarding the Defeat Device Vehicles with an intent to mislead Plaintiffs.

333.    Volkswagen's material statements about the features of the Defeat Device Vehicles were false and/or misleading.

334.    Plaintiffs and Minnesota members of the Class suffered ascertainable loss caused by Volkswagen's misrepresentations.

335.    Plaintiffs and Minnesota members of the Class also suffered ascertainable loss due to Volkswagen's concealment of and failure to disclose material information.

336.    Volkswagen breached its ongoing duty to Plaintiffs and Minnesota members of the Class to refrain from unfair and deceptive acts or practices under the Minnesota CFA.

337.    Under the Minnesota CFA, Plaintiffs seek all available relief, including but not limited to damages and attorneys' fees and costs, and punitive damages to the extent they are permitted under MINN. STAT. § 549.20(1)(a).

CLASS ACTION COMPLAINT

## COUNT XVII
## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
### (Mich. Comp. Laws § 445.901 *et seq*.)

338.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

339.   Plaintiffs bring this Count on behalf of the Michigan members of the Class.

340.   The Michigan Consumer Protection Act ("MCPA" or "Act") protects consumers from "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.901.

341.   Plaintiffs' and the Class members' are persons under the Act. Id. § 445.902.

342.   Defendant engages in trade or commerce as defined by the Act in designing, marketing, and selling diesel vehicles in Michigan and elsewhere.

343.   As described herein, in designing, marketing, and selling Defeat Device Vehicles, Defendant an unlawful method, act, or practice in trade or commerce, namely the intentional deception of regulators and the public regarding the true emissions characteristics of its "clean" diesel engines.

344.   Defendant's unlawful acts were not authorized by any law or regulation; no law permits designing, manufacturing, and selling or leasing vehicles with "defeat devices" intentionally engineered to cheat regulatory requirements.

345.   As a result of Defendant's unlawful conduct, Plaintiffs and Class members have suffered losses: they paid a premium for vehicles that do not perform as advertised, and those vehicles are now worth substantially less due to the recall.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

## COUNT XVIII
## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT
### (N.J. Stat. Ann. § 56:8-1 *et seq.*)

346.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

347.   Plaintiffs bring this Count on behalf of the New Jersey members of the Class.

348.   The New Jersey Consumer Fraud Act ("NJCFA" or "Act") prohibits the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . ." N.J. Stat. Ann. § 56:8-2.

349.   Plaintiffs' and the Class members' purchase or lease of Defeat Device Vehicles are "sales" under the act, and those vehicles are "merchandise." Plaintiffs and Class members are persons under the Act. N.J. Stat. Ann.  § 56:8-1(d).

350.   As described herein, in designing, marketing, and selling Defeat Device Vehicles, Defendant engaged in unlawful conduct: affirmative deceptions, including fraud, false pretenses, false promises, and misrepresentations; knowing omissions of material information; and violations of administrative regulations.

351.   That unlawful conduct has caused ascertainable, calculable loss of money to Plaintiffs and the class, in that, based on that conduct, they paid a premium for vehicles

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

77                          CLASS ACTION COMPLAINT

that do not perform as advertised, and those vehicles are now worth substantially less due to the recall.

## COUNT XIX
## VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
### (N.C. Gen. Stat. §§ 75-1.1, *et seq.*)

352.   Plaintiffs incorporate by reference all preceding allegations as if fulling set forth herein.

353.   Plaintiffs bring this claim on behalf of the North Carolina members of the Class.

354.   Under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, et seq. ("UDTPA"), it is unlawful to engage in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]"

355.   Defendant's marketing and selling of Defeat Device Vehicles affected commerce, as defined in the UDTPA.

356.   Defendant willfully concealed and/or failed to disclose the fact that the CleanDiesel engines in the Defeat Device Vehicles did not comply with state and federal regulations.

357.   Defendant also concealed and/or failed to disclose the fact that the CleanDiesel Engines contained defeat devices.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

358.    As a result, Defendant has engaged in unlawful trade practices, and have represented that the Defeat Device Vehicles have characteristics and qualities that they do not, in fact, possess; represented that the Defeat Device Vehicles are of a particular quality or standard when they are not; advertising the Defeat Device Vehicles with the intent not to deliver or sell them as advertised; and otherwise engaging in conducted intended or likely to deceive.

359.    Defendant's conduct has caused the injuries to Plaintiffs and the Class.

360.    Having acted with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs and the Class to cruel and unjust hardship as a result, Plaintiffs and the Class should be awarded punitive damages.

361.    Plaintiffs, individually and on behalf of the Class, seek treble damages pursuant to N.C. Gen. Stat. § 75-16, and an award of attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1.

### COUNT XX
### VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES ACT
### (O.R.S. §§646.605 et seq.)

362.    Plaintiffs incorporate by reference all preceding allegations as if fulling set forth herein.

363.    Plaintiffs bring this count on behalf of the Oregon members of the Class.

364.    Pursuant to the Oregon Unfair Trade Practices Act ("UTPA"), a person is prohibited from doing the following in the course of that person's business: ""(e) Represent[ing] that …goods … have … characteristics … uses, benefits, … or qualities

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

that they do not have; (g) Represent[ing] that … goods … are of a particular standard [or] quality … if they are of another; (i) Advertis[ing] … goods or services with intent not to provide them as advertised;" and "(u) engag[ing] in any other unfair or deceptive conduct in trade or commerce." O.R.S. § 646.608(1).

365.   Defendant is a "person" within the meaning of O.R.S. § 646.605(4), and the Defeat Device Vehicles are "good" obtained and used primarily for personal or household purposes within the meaning of O.R.S. § 646.605(6).

366.   Volkswagen engaged in unlawful trade practices, including representing that the Defeat Device Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that Defeat Device Vehicles are of a particular standard and quality when they are not; advertising Defeat Device Vehicles with the intent not to sell them as advertised; and engaging in other unfair or deceptive acts.

367.   Volkswagen also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Defeat Device Vehicles.

368.   Defendant's actions occurred within the conduct of trade or commerce.

369.   Defendant has concealed the fact that they installed defeat devices in its diesel vehicles, and failed to disclose the true nature of the Defeat Device Vehicles.

370.   Defendant also concealed the fact that it was marketing, distributing, and selling vehicles throughout the United States that failed to comply with state and federal regulations.

371.   By failing to disclose and by actively concealing the "defeat device" and the true cleanliness and performance of the CleanDiesel engine system, by marketing its vehicles as safe, reliable, environmentally clean, efficient, and of high quality, and by presenting itself as a reputable manufacturer that valued safety, environmental cleanliness and efficiency, and stood behind its vehicles after they were sold, Defendant engaged in deceptive business practices in violation of the UTPA.

372.   Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

373.   Defendant intentionally and knowingly misrepresented material facts regarding the Defeat Device Vehicles with an intent to mislead Plaintiffs and the Class.

374.   Defendant owed Plaintiffs a duty to disclose the true safety, cleanliness, efficiency and reliability of the Defeat Device Vehicles because it alone had knowledge of the quality of its vehicles, it concealed this information from Plaintiffs and the Class, and failed to make full and correct disclosures regarding the quality of it vehicles.

375.   Because Defendant fraudulently concealed the "defeat device" and the true cleanliness and performance of the CleanDiesel engine system, resulting in a raft of negative publicity once the use of the "defeat device" and true characteristics of the

CLASS ACTION COMPLAINT

CleanDiesel engine system finally began to be disclosed, the value of the Defeat Device Vehicles has greatly diminished. In light of the stigma attached to those vehicles by Defendant's conduct, they are now worth significantly less than they otherwise would be.

376.   Defendant's fraudulent use of the "defeat device" and its concealment of the true characteristics of the CleanDiesel engine system were material to Plaintiffs and the Class.

377.   Plaintiffs and the Class suffered ascertainable loss caused by Defendant's misrepresentations and its concealment of and failure to disclose material information.

378.   Defendant's violations present a continuing risk to Plaintiffs as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

379.   As a direct and proximate result of Defendant's violations of the UTPA, Plaintiffs and the Class have suffered injury-in-fact and/or actual damage.

380.   Plaintiffs and the Class are entitled to recover the greater of actual damages or $200 pursuant to O.R.S. § 646.638(1). Plaintiffs and the Class are also entitled to punitive damages because Defendant engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

## COUNT XXI
## VIOLATION OF DECEPTIVE TRADE PRACTICES ACT
### (Tex. Bus. & Com. Code §§ 17.41 *et seq.*)

381.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

382.    Plaintiffs bring this Count on behalf of the Texas members of the Class.

383.    The Texas Deceptive Trade Practices Act ("DTPA") prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." Tex. Bus. & Com. Code § 17.46.

384.    Plaintiffs are "consumers" as the DTPA defines that term. *See id.* § 17.45(4).

385.    Defendant is a "person" as the DTPA defines that term. *See id.* § 17.45(3).

386.    Defendant used or employed a false, misleading, or deceptive act by, inter alia, representing that its Defeat Device Vehicles have certain characteristics or benefits, such as low emissions, that they do not have. Plaintiffs relied on those representations to their detriment.

387.    Defendant also violated the DTPA by, as explained in this Complaint, breaching express and implied warranties, and engaging in an unconscionable campaign to deceive regulators and the public.

388.    Plaintiffs acknowledge that the DTPA requires that, prior to making a claim for damages under that statue, a plaintiff make a demand in satisfaction. Tex. Bus. & Com. Code § 17.505(a). Plaintiffs intend to make such a demand and may subsequently amend this Complaint to perfect this Count.

## COUNT XXII
## VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT
### (Wis. Stat. § 110.18)

389.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

CLASS ACTION COMPLAINT

390.   Plaintiffs bring this Count on behalf of the Wisconsin members of the Class.

391.   The Wisconsin Deceptive Trade Practices Act ("DTPA") prohibits a "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

392.   Volkswagen is a "person, firm, corporation or association, Wis. Stat. § 100.18(1), and Plaintiffs and Wisconsin members of the class are members of the public. Id. § 100.18(1).

393.   Plaintiffs and Wisconsin members of the Class purchased or leased one or more Defeat Device Vehicles.

394.   Volkswagen violated the DTPA by designing and installing "defeat devices" in certain diesel vehicles, and then concealing that fact from the public and regulators. Defendant's representations about those diesel engines and Defeat Device vehicles where intended to induce an obligation in the public, by inducing them to purchase Defeat Device Vehicles.

395.   Volkswagen also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Defeat Device Vehicles.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

396.   Even as it designed and concealed the "defeat device," it marketed its diesel vehicles as clean, low-emission vehicles, a deceptive business practice in violation of the Wisconsin DTPA.

397.   Volkswagen's deceptions and unfair commercial practices had the capacity to deceive, and in fact did deceive, reasonable consumers.

398.   Volkswagen knew or should have known that its conduct violated the Wisconsin DTPA.

399.   Volkswagen owed Plaintiffs and Class members a duty to disclose the nature of the Defeat Device Vehicles because Volkswagen possessed exclusive knowledge of that nature and intentionally concealed that nature.

400.   The true nature of Volkswagen's Defeat Device Vehicles, and the deceptive statements Volkswagen made about its "clean" engines, were material to Plaintiffs and Wisconsin members of the class.

401.   Plaintiffs and members of the Class have suffered, and continue to suffer, pecuniary loss from Volkswagen's misrepresentations and its concealment of and failure to disclose material information.

402.   Volkswagen's deceptive acts also present an ongoing risk to Plaintiffs and the class because its vehicles emit unlawful and harmful levels of emissions.

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

## X.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class respectfully request that the Court enter judgment in their favor and against Volkswagen, as follows:

A.    Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

B.    An order temporarily and permanently enjoining Volkswagen from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.    Injunctive relief in the form of a recall or free replacement program;

D.    Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

E.    Revocation of acceptance;

F.    Damages under the Magnuson-Moss Warranty Act;

G.    For treble and/or punitive damages as permitted by applicable laws;

H.    An order requiring Volkswagen to pay both pre- and post-judgment interest on any amounts awarded;

I.    An award of costs and attorneys' fees; and

J.    Such other or further relief as may be appropriate.

## XI.    DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
1129 STATE STREET, SUITE 8, SANTA BARBARA, CA 93101

DATED this 22nd day of September, 2015.

KELLER ROHRBACK L.L.P.


By /s/ Matthew J. Preusch
    Matthew J. Preusch (Bar No. 298144)
    1129 State Street, Suite 8
    Santa Barbara, CA 93101
    Tel: (805) 456-1496
    Fax: (805) 456-1497
    mpreusch@kellerrohrback.com

    Lynn Lincoln Sarko*
    Gretchen Freeman Cappio*
    Daniel P. Mensher*
    Ryan McDevitt*
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101-3052
    Tel: (206) 623-1900
    Fax: (206) 623-3384
    lsarko@ kellerrohrback.com
    gcappio@kellerrohrback.com
    dmensher@kellerrohrback.com
    rmcdevitt@kellerrohrback.com

    *Attorneys for Plaintiffs*
    *Pro hac vice forthcoming*

CLASS ACTION COMPLAINT